[Francis v. Peevey.]

# Francis *v.* Peevey.

*Mandamus against Tax Collector.*

(Decided January 20, 1902.)

1. *Poll tax, collection of under constitutional and statutory pro-
   visions; charter of city of Birmingham.*—Under constitution-
   al and statutory provisions (Constitution of 1875, Art. XI, §
   1; Art. XIII, § 4; Code, §§ 3910, 4030), it is the duty of the·
   tax collector of Jefferson county to receive poll taxes tendered
   by the resident citizens of the city of Birmingham in said
   county, within prescribed ages, notwithstanding a provision
   in the charter of the city of Birmingham (Acts, 1898-99, p.
   1391), conferring upon the municipal authorities full power·
   and authority to levy and collect from the inhabitants of
   said city, liable to pay the same, a poll tax, to be applied, ex-
   clusively to the public schools of the city, and providing fur-
   ther that the officers appointed by the municipal authorities
   are "to have the same ·rights, powers and remedies for the
   collection of such poll taxes as are now possessed by the tax
   collector and other officers of Jefferson county."

2. *Same; constitutional law; collection of poll taxes.*—The provis-
   ions of the constitution relating to poll taxes being manda-
   tory, it is not within the power of the legislature to direct the
   levy, assessment, collection and application of the poll tax
   provided for .n the constitution in any other manner or for
   any other purposes than such as are provided in the con-
   stitution.

3. *Same; construction of charter of city of Birmingham, with ref-
   erence to collection of poll tax.*—The act of February 23d,
   1899, "to establish a new charter for the city of Birmingham,"
   (Acts, 1898-99, p. 1391), is only a legislative grant of muni-
   cipal authority to levy, assess and collect an additional poll
   tax upon the inhabitants of the city of Birmingham to be ap-
   plied exclusively to educational purposes within the limits of
   said city, and does not repeal or affect the general laws pro-
   viding for the payment of poll taxes to the county tax col-
   lector, to be applied to public school purposes within the
   county.

[Francis v. Peevey.]

Appeal from Jefferson Circuit Court.
Heard before Hon. A. A. Coleman.

E. D. Smith, for appellant, argued that it was the
intention of the legislature that the poll tax provided
for in the charter of the city of Birmingham was to be
in lieu of the State tax, and that any other construc-
tion would render section 51 of said charter unconsti-
tutional, citing *State v. Southern Ry. Co.*, 24 So. Rep.
589; *Schultes v. Eberly*, 82 Ala. 242; *N. C. & St. L. Ry.
v. Attalla*, 24 So. Rep. 450; *Wetmore v. State*, 55 Ala.
198.

Walker, Tillman, Campbell & Walker, *contra.*

DOWDELL, J.—This is a petition for a *mandamus*
filed by the appellee against the appellant, who is the
tax collector of Jefferson county, to compel him as such
tax collector to receive from the petitioner his poll tax
for the year 1901. The court below awarded the *man-
damus*, and from that judgment the present appeal is
prosecuted.

The facts are undisputed, and they show that the
petitioner, Peevey, is a resident citizen of the city of
Birmingham, county of Jefferson, State of Alabama, and
subject to the payment of a poll tax, and that he owes
the poll tax for the year 1901, and that the same is past
due and payable; that Francis is the State and county
tax collector, and Gambill is the city tax collector; that
Peevey duly offered to pay the tax to Francis, and that
he, Francis, refused to receive the same. The petitioner
prays for a writ of *mandamus* "to be directed to the said
J. B. Francis as tax collector, commanding him as tax
collector of Jefferson county, to accept the said one
dollar and fifty cents tendered by petitioner as poll taxes
in order that petitioner may not lose his right to vote in
the next general election." As shown by the record,
the refusal of the appellant was based upon the theory
that under section 51 of an act approved February 23,
1899, entitled "An act to establish a new charter for the
city of Birmingham, Alabama," which provides "that
the mayor and aldermen of Birmingham shall have full

power and authority to assess, levy and collect a poll tax from the inhabitants of said city, liable to pay the same, to be applied exclusively to the public schools of the city; * * * said taxes to be assessed and collected by such officer as the board may appoint, under such rules and regulations as it may prescribe; such officers to have the same rights, powers and remedies for the collection of such poll taxes as are now possessed by the tax collector and other officers of Jefferson county," the right and duty to collect and receive the poll tax from the petitioner was conferred and imposed upon Gambill, he being the officer appointed by the municipal authorities of the city to collect or receive the same.

Section 1, Art. XI, of the constitution of the State of Alabama, which was in effect from, to-wit, December 6, 1875, until November 28, 1901, provides as follows: "All taxes levied on property in this State shall be assessed in exact proportion to the value of such property; *Provided, however,* the general assembly may levy a poll tax, not to exceed one dollar and fifty cents on each poll, which shall be applied exclusively in aid of the public school fund in the county so paying the same." Section 4, Art. XIII, of the same constitution provides as follows: "The general assembly shall also provide for the levying and collection of an annual poll tax, not to exceed one dollar and fifty cents on each poll, which shall be applied to the support of the public schools in the counties in which it is levied and collected." In obedience to the mandate contained in the latter section of the constitution above quoted, the general assembly enacted section 3910 of the Code of 1896, which provides as follows: "There shall be collected from every male inhabitant of this State, over the age of twenty-one years, and under the age of forty-five years, not exempt by law, the sum of one dollar and fifty cents, as poll tax, which shall be applied exclusively in aid of the public school fund in the counties in which it is levied and collected." So it will be seen that by this section a poll tax of one dollar and fifty cents was levied on every male inhabitant of the State over the age of twenty-one

[Francis v. Peevey.]

years and under the age of forty-five years, not exempt
by law, and under it the petitioner became liable for
its payment; and although since the adoption of the
new constitution, which went into effect on the 28th
day of November, 1901, there may be no remedy to en-
force the collection of the same, yet this in nowise af-
fects the right of the petitioner to pay the same, and
it became the duty of the appellant, as State and county
tax collector, to receive the same when tendered.—Code,
§ 4030.  There is nothing in the act of February 23, 1899,
entitled "An act to establish a new charter for the city
of Birmingham, Alabama," above referred to, which
either expressly or by necessary implication, repeals
the general statute relating to poll taxes. . Moreover,
since the provision of the constitution relating to such
tax is mandatory, it would not be within legislative
power to direct by legislative enactment the levy, assess-
ment, collection and application of the poll tax provided
for in the constitution in any other manner or for any
other purposes than such as provided in the constitu-
tion.  The constitution provides that such poll tax when
collected shall be applied exclusively in aid of the pub-
lic school fund in the counties paying the same.  All
that may be said of the act of February 23, 1899, is
that it is a legislative grant of municipal authority to
levy, assess and collect an additional poll tax upon the
inhabitants of the city of Birmingham to be applied
exclusively to educational purposes within the limits
of said city, and whether such power and authority may
be conferred on the municipality by legislative enact-
ment under the provision of the constitution is a ques-
tion not necessary to the decision of this case and as
to which we are not called upon to intimate any opin-
ion.  The only question presented by this record for our
decision is whether or not it was the duty of the ap-
pellant tax collector to receive and receipt for the peti-
tioner's poll tax when the same was tendered him by
petitioner, and on the undisputed facts in the record
our conclusion is, that such was his duty.  It, therefore,
follows that the judgment of the circuit court must
be affirmed.