# Frost v. The State, *ex rel.* Clements.

## *Quo Warranto.*

(Decided Dec. 19, 1907. 45 So. Rep. 203.)

1. *Evidence; Judicial Knowledge; Charters of Municipal Corporations.*—The courts take judicial notice of the provisions of municipal charters.

2. *Elections; Voters; Qualifications; Payment of Poll Tax.*—In order to become qualified as a voter, under sections 178 and 194 of the Constitution of 1901, a man between the ages of twenty-one and forty-five, unless exempt as therein provided, must have paid his poll tax on or before Feb. 1st, 1901, and on or before Feb. 1, of each succeeding year.

3. *Municipal Corporations; Officers; Eligibility; Poll Tax.*—The charter of the city of Athens provides that to be eligible to an office in the municipality one must be a qualified voter under the state law when elected (Acts 1900-01, p. 1037), and a person reaching the age of forty-five years on or after the 1st day of October, who fails, on or before the first day of February of the succeeding year, to pay his poll tax, as required by the Constitution, is not eligible for the office of mayor of said town, because not a qualified elector under the state law.

5. *Quo Warranto; Petition; Sufficiency.*—It is sufficient to charge in general terms that the respondent is usurping a public office, in an information in quo warranto.

[Frost v. The State, ex rel. Clements.]

5. *Same; Pleading; Replication; Departure.*—Where the replication avers the respondent's ineligibility because not a qualified voter it is in accord with the general averments of the usurpation of a public office and is sufficient as a reply to a plea or answer setting up that respondent was elected to the office and received his certificate of election and there is no departure.

6. *Appeal; Harmless Error.*—Where the judgment in response to the relation only adjudicated respondent's ouster from office without adjudging the relator entitled to the office, and not giving relator any relief as an individual, it was harmless error to sustain a demurrer to the return or to overrule respondent's motion to dismiss the information, the return and the motion being based upon matters in estoppel of relator's right to join in the information.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Quo warronto by the state on the relation of M. K. Clements against C. E. Frost, seeking to have said Frost ousted from holding the office of mayor of the town of Athens, on the ground that he is usurping said office. From a judgment for relator, respondent appeals. Affirmed.

W. R. WALKER, and H. C. THATCH, for appellant. No person is eligible to the office of Mayor of the town of Athens who is not a male and a qualified voted under the laws of this State at the time of his election or appointment.—Acts of Ala. 1900-01, page 1036, Sec. 4. No person who has not paid all poll taxes due by him for the year 1901, and each subsequent year, is entitled to vote; and all male inhabitants *over* 21 years of age and *under* 45 years of age, not exempt by law, are subject to such poll tax which *"becomes due and payable"* on October 1st of each year.—Const. of 1901, Secs. 178, 194; Acts of Ala. 1903, Sec. 1, page 438. A person reaches a designated age on the first instant of the day preceding the anniversary of his birth.—1 Am. & Eng. Ency. Law (2d Ed.) 927; *Howard's Case,* 2 Salk. 625; *Lenhart v. State,* 27 S. W. Rep. 260; 1 Blk. Com. p. 460, 463; 1 Jarman, Wills (6th Ed.),.47; 3 Page, Cont., S. 851; *Ross v. Mor-*

*row,* 16 L. R. A. 542; *Anon.* 1 Salk, 44; Clark, Cont.
221; 1 Chitty on Cont. (11 Ed.) 193, note h; *Antonio v.
Miller,* 21 L. R. A. 699; 15 Cyc. 290, note 1; 1 Redfield
on Wills, Star pp. 19-20; Paine, Elec., pp. 731-2. The
true object of interpretation is to ascertain the meaning
and will of the law making body, to the end that it may
be enforced.—*Kennedy's Heirs and Exectrs. v. Kenne-
dy's Heirs,* 2 Ala. 572; *Maxwell's Case,* 89 Ala. 150, 161;
Black's Interp. Laws, 8, 15; Sedgwick, Constr. Const. &
Stat. Law, 190, *et seq.*; *Waller v. Harris,* 20 Wend. 562;
1 Lewis' Sutherland on Stat. Constr. (2d Ed.) §§ 129,
218; 2 Lewis' Sutherland on Stat. Constr. (2d Ed.), §§
363-64; Cooley's Const. Lim. (7 Ed.) 89-94; *Brun v.
Mann,* 80 C. C. A. 513; *Newell v. People,* 7 N. Y. 9, 97;
*People v. Potter,* 47 N. Y. 375. The State Constitution
is to be interpreted on broad and liberal lines, in order
to accomplish the object sought, and not on narrow and
technical principles.—Black, Interp. Laws, 13; Cooley,
Const. Lim. (7 Ed.) 93. The State Constitution should
be interpreted in the light of the common law and of its
predecessors, if it have any.—*Mayor, etc. of Mobile v.
Stonewall Insurance Company,* 53 Ala. 570, 577; *Ex
parte Hardy,* 68 Ala. 303; Black Interp. Laws, 19; Cool-
ey, Const. Lim (7 Ed.) 94-96. Where new provisions
are introduced into an amended or revised State Consti-
tution, they are to be construed in such a manner, and
are to be allowed such operation, as will effect the pur-
poses for which they were intended; and such purposes
are to be ascertained by consideration of the cause in
which they have originated.—*Taylor v. Woods,* 52 Ala.
474; *Garland v. Board of Commrs.,* 87 Ala. 223; *Bender
v. Meyer & Co.,* 55 Ala. 576, 579-580; *Shepherd v. Dowl-
ing,* 127 Ala. 1; *State ex rel. Winter v.`Sayre,* 118 Ala.
1, 28.; *State ex rel. Robertson v. McGough,* 118 Ala. 159,
166. The construction of a Constitution or Statute is

sometimes controlled by contemporaneous and practical construction placed thereon and acquiesced in for a series of years.—Cooley's Const. Lim. (7 Ed.) 102, 104; 2 Lewis' Sutherland on Stat. Constr. (2 Ed.) §§ 472, 478; Black's Interp. Laws, 31, 215; Sedgwick Stat. Const. Law (2 Ed.), 212-217; *Ex parte Gist,* 26 Ala. 156, 160; *McElvain v. Mudd,* 44 Ala. 48, 54; *Purvin v. Wimberg,* 130 Ind. 561; *Board of Commissioners v. Gwin,* 136 Ind. 572; *Horey v. State,* 119 Ind. 388; *Board of Commissioners v. Bunting,* 111 Ind. 145; *People v. Carr,* 100 N. Y. 243; *Cohens v. Va.,* 6 Wheat. 264; *N. S. Bank v. Halstead,* 10 Wheat. 51, 264; *Ogden v. Saunders,* 12 Wheat. 213, 606. Whatever is necessary to render every provision of the Constitution effective must be deemed to be implied and intended in the provision itself.— Black Interp. Laws, 22; Cooley, Const. Lim. (7 Ed.) 98. A constitution tending to limit the citizen in the exercise of his right to vote and of having that vote counted, should be liberally construed in favor of the voter.— *Montgomery v. Henry,* 144 Ala. 629. The law does not regard fractions of a day unless special provisions were made therein.—*Turnipseed v. Taylor,* 101 Ala. 593; *Howard Case,* 2 Salk. 625. Where the functions of two offices are incompatible, the acceptance of one, while holding the other, is a vacation of the one held.—Mc-Crary on Elec., §§ 333, *et seq.; Atty. Gen. ex rel. v. Moreland,* 112 Mich. 145; *People vs. Green,* 58 N. Y. 296; *Throop Pub. Off.* §§ 31 to 40; *State ex rel. v. Bus.,* 135 Mo. 325; *Cates v. Furber,* 58 N. H. 224; *People v. Carrigue,* 2 Hill. 83; *Cotton v. Phillips,* 56 N. H. 220; *Stubbs v. Lee,* 18 Am. Rep. 251; *State ex rel. Rosenheim v. Hoyt,* 2 Oregon 246; *Van Orsdale v. Hazzard,* 3 Hill, 243; *State v. Goff,* 2 Am. St. Rep. 251; *Faltz v. Kerlin,* 55 Am. Rep. 199; *People v. Common Council,* Ib.

42 R

659; *Buntin v. Willis,* 21 Ib. 338; *State v. Allen,* 83 Am. Dec., 372, note; *In re Cortiss,* 23 Am. Rep. 538; Paine, Elec. SS. 156, *et seq.* Where illegality in an election is known, at the time of the election, and the party subsequent thereto makes a complaint thereof, if he is a participant in such illegalities, or fail to make objection thereto, he is estopped to set up such illegality.—Paine, Elec. pp. 727-8; *Rex. v. Trevenson,* 2 B. & Ald. 339; *Rex. v. Slythe,* 6 B. & C. 240, 13 E. C. L. 156; High Extr. Rem. (3 Ed.) S. 605, p. 559 SS. 646, 709. Where words in Constitution are apparently mandatory they will be construed as directory where the same relate to procedure in election.—*Montgomery v. Henry,* 144 Ala. 629; 6 Am. & Eng. Ann. Cas. 965, note; *Ex parte Owen,* 42 Sou. Rep. 680; *Patton v. Watkins,* 131 Ala. 387. Mere irregularities will not invalidate an election.—*Patton v. Watkins,* 131 Ala. 387; *Lee v. State,* 49 Ala. 43; 15 Cyc. 362, *et seq.*; *Montgomery v. Henry,* 144 Ala. 629; *Jones v. State,* 55 N. E. Rep. 229. Where the words of a statute are at variance with the words of a similar law theretofore in force, courts will presume that a change of the law was intended.—*Lehman, Dunn & Co. v. Robinson,* 59 Ala. 219; *Huffman's Case,* 29 Ala. 40; *Crosby v. Hawthorne,* 25 Ala. 221. Any elector whose right to vote shall be challenged for any legal cause before an election officer, shall be required to swear or affirm that the matter of the challenge is untrue before his vote shall be received.—Const. of 1901, § 185; Acts of 1903, § 51, page 457, § 59, p. 459, § 82, p. 471. The powers of a municipal corporation are those expressly granted; those necessarily or fairly implied in, or incident to the powers expressly granted; and those essential to the objects and purposes of the corporation.—1 Dillon Mun. Corp. Sec. 89; *Wetumpka v. Wetumpka Wharf Co.,* 63 Ala. 611; *Eufaula v. McNab,* 67 Ala. 590; *New Decatur*

*v. Berry*, 90 Ala. 433. Municipal corporations possess the implied power to create or institute such public offices and officials as may be necessary to the proper performance of the functions or duties of such corporation. —1 Abbott, Mun. Corp. Sec. 109; *Collophy v. Cloherty*, 95 Ky. 330; Tiedeman, Mun. Corp.. Sec. 75; *Boehm v. City of Baltimore*, 61 Md. 259; 1 Dillon Mun. Corp. (4 Ed.) Sec. 206-7; 19 Am. & Eng. Ency. Law (1st Ed.) 548; McQuillan, Mun. Ord. Sec. 56. The rules of pleading require that there be no departure in replications from the cause of action stated in the complaint.—*L. & N. R. R. Co. v. Walker*, 128 Ala. 368; *Central of Georgia R. R. Co. v. Foshee*, 125 Ala. 199; *Winter v. Mobile Savings Bank*, 54 Ala. 172; *Morris v. Beede*, 54 Ala. 300; *Christian v. Niagara Fire Ins. Co.*, 101 Ala. 634; *George v. M. & O. R. R. Co.*, 109 Ala. 245; 1 Chitty on Pld. 16 Am. Ed., *674; Andrews-Stephen on Plad. (2 Ed.) 453; Shippman's Com. Law Pld. 472. "A clear, distinct, and complete statement of the *facts* which constitute the cause of action or ground of defense must be made in all pleadings, in order that they may be fully understood by the adverse party, the jury, and the court, and a *definite* and *certain issue produced for decision.*"— Shippman's Com. Law Pld. 417; 1 Chitty Pld. 16 Am. Ed. *679.

CALLAHAN & HARRIS, and BROWN & KYLE, for appellee. The charter of the town of Athens requires that one, to be eligible to the office of mayor, of said town, must be a qualified voter under the laws of this state at the time of his election, and the question presented is, was Frost due the state of Alabama a poll tax on Oct. 1, 1906, his forty-fifth birthday coming Oct. 2, 1906? It is well settled, under the law, in this state and elsewhere, that at the time of the adoption of the present constitu-

tion, that a poll tax was a tax levied upon designated persons and imposed upon them in consideration of the protection and benefits that they received or should receive from the state. We deem it unnecessary to discuss this phase of the case and will rest the proposition on the following authorities: 27 Am. & Eng. Cyc. of Law (2d Ed.), 634, 578, 581-2; 21 Am. & Eng. Cyc. of Law (2nd Ed.), 773-74; 8 L. R. A. 337; *Southern Railway Co. v. St. Claire,* 124 Ala. 493; Code 1896, Sections 3910-3919; *Francis v. Peevey,* 31 So. Rep. 372; 4 May. Dig., 895; 1 Words & Phrases, 967; *County of Mobile v. Kimball,* 102 U. S. 703. It attaches to all persons within the state's jurisdiction and bears its proportionate part of the governmental expense.—16 Pet. 447; *The State v. Houston,* 83 Ala. 361; *Shaver v. Robertson,* 59 Ala. 195. At the time of the adoption of the present constitution, the Code levied the poll tax, and the designated party thereby became liable.—Code, Sec. 3910; *Francis v. Peevey,* 31 So. Rep. 372. The tax year began on Oct. 1st and ended Sept. 30th the following year.— Code of 1896, Section 3919. All parties and property within the state's jurisdiction on Oct. 1st of any given year and not exempt by law, were liable to taxation for that fiscal year, whether they remained in the state's jurisdiction the entire fiscal year or not; or, to put the proposition another way, taxes are levied on conditions existing at the beginning of the tax year.—*Palfrey v. Connelly,* 31 So. Rep. (La.), 148; *Southern Ins. Co. v. Board of Assessors,* 21 So. Rep. (La.), 913. If the person or property was liable for taxation at the beginning of the tax year, no change in his status or that of the property would relieve him from paying his taxes for the entire fiscal year.—*State v. Sloss,* 83 Ala. 93; *Town of New Decatur v. Nelson,* 102 Ala. 556; *Cleggs v. State,* 42 Tex. 605; 45 Cent. Dig., cc. 371-372. The levy and

assessment is not void because there is no remedy for its enforcement.—*Coles v. Platt*, 24 N. J. Law, 108. An examination of the foregoing authorities will demonstrate our proposition that a party, subject to the state's jurisdiction and not exempt by some provision of law, on Oct. 1st of a given year, would be liable for his poll tax on Feb. 1st next thereafter; and this would make no difference on what date between Oct. 1st of one year and Oct. 1st of another year he became of age.

DENSON, J.—This is an information in the nature of a quo warranto, filed by the state of Alabama, on the relation of M. K. Clements, against C. E. Frost; and by it the relator seeks to have the respondent ousted from holding the office of mayor of the town of Athens, on the ground that he is a usurper of the office. The respondent in his answer justified on the ground that he was duly elected to said office at an election held in said town on the 1st day of April, 1907, for the purpose of electing a mayor and councilmen, and that he received the certificate of his election from the proper official and was duly inducted into the office. A special replication (replication 4 as amended), in this language, was filed to the answer: "That at the time of said election, and at the time said certificate was issued to the said Frost by the sheriff of Limestone county, Ala., to the effect that said Frost had been duly elected to the office of mayor of Athens, said C. E. Frost was not a qualified elector of the town of Athens, and was not on the day of said election, nor on the date of the issuance of said certificate, such qualified elector, in this: That said Frost was born on October 2, 1861, and was due a poll tax for the year 1906, and had failed to pay the same on or before the 1st day of February, 1907." Demurrers to this replication were overruled, issue was joined on it, and

the bill of exceptions recites that "special replication No. 4, as amended, was proven by plaintiffs and not disputed by respondent, but admitted by the respondent as to the facts therein." The court charged the jury, at the written request of the state, as follows: "If you believe the evidence, you will find a verdict in favor of the state on the relation of M. K. Clements and against the respondent, C. E. Frost, on the issues presented by replication 4 as amended.". Verdict was returned for the state, ousting Frost; but no judgment was rendered in favor of Clements individually. From the judgment the respondent prosecutes this appeal.

Courts take judicial knowledge of the charters of municipal corporations. Therefore we judicially know that the charter of the town of Athens provides that a person, to be eligible to the office of mayor, must be a qualified voted under the laws of the state at the time of his election .or appointment.—Acts 1900-01, pp. 1037-1058. Section 178 (article 8) of the Constitution of 1901, in respect to poll tax, provides that, "to entitle a person to vote at any election by the people * * * he shall have paid, on or before the first day of February next preceding the date of the election at which he offers to vote, all poll taxes due from him for the year nineteen hundred and one, and for each subsequent year." Section 194 (article 8) of that instrument is in this language: . "The poll tax mentioned in this article shall be one dollar and fifty cents upon each male inhabitant of the state, over the age of twenty-one years, and under the age of forty-five years, who would not now be exempt by law; but the Legislature is authorized to increase the maximum age fixed in this section to not more than sixty years. Such poll tax shall become due and payable on the first day of October in each year, and become delinquent on the first day of the next succeeding Feb-

ruary, but no legal process nor any fee or commission shall be allowed for the collection thereof. The tax collector shall make returns of the poll tax collections separate from other collections." The Legislature not having made any change in the age limit, it remains as fixed by the Constitution. Section 259 of the Constitution provides that poll taxes shall be applied to the support of the public schools in the county in which they are collected. The Constitution of 1875 (article 11, § 1) provided that the General Assembly might levy a poll tax, not to exceed $1.50 on each poll, to be applied exclusively in aid of the public schools of the county paying the same. In respect to the poll tax, the difference between the provisions of the two constitutions is that, whereas, the Constitution of 1901 is self-operative, making the levy in and by its own language, without legislative action (*Francis v. Peevey*, 132 Ala. 58, 31 South. 372), and, though leaving the payment of the tax a pure matter of volition on the part of the poll, denies to him the right to vote without such payment—in other words, says to the poll, "Pay your tax and you may vote, but unless you pay it you cannot vote"—on the other hand, the Constitution of 1875 granted to the General Assembly the power to levy, and the General Assembly accordingly levied, a poll tax, making its payment compulsory, but leaving no privilege involved in the payment or default of the tax. Code 1896, § 3919, provides that "all taxes, unless otherwise directed, shall become due and payable on the first day of October in each year, and shall become delinquent before the first day of January succeeding." The present Constitution makes no change in the time of payment. Its provisions and those of the statute are alike in this respect. It does, however, make a change in the date of delinquency—postponing that date to the 1st day of February of the succeeding year.

Whatever may have been the purpose which inspired the framers of the Constitution to embody in that instrument sections 178 and 194, it is not a subject of controversy that all men (not exempt) over 21 years and under 45 years of age must, if they would qualify as votters, conform to the requirements of those two sections.

It is insisted by the appellant, and conceded by the appellee, that a person reaches a designated age on the day preceding the anniversary of his birth.—1 Am. & Eng. Ency. Law (2d Ed.) 827; 15 Cyc. 290, note 1; 1 Chitty on Cont. (11th Ed.) 193, note "h"; 1 Redf. on Wills, *pp. 19, 20; Paine on Elections, pp. 731, 732; 1 Blk. Com. pp. 460, 463; 3 Page on Cont. § 851; 1 Salkeld, 44; 2 Salkeld, 625; *Lenhart's Case,* 33 Tex. Cr. R. 504, 27 S. W. 260; *Ross v. Morrow,* 85 Tex. 172, 19 S. W. 1090, 16 L. R. A. 542; *Montoya de Antonio v. Miller,* 7 N. M. 289, 34 Pac. 40, 21 L. R. A. 699. Assuming the correctness of this insistence and concession, in legal contemplation the respondent (appellant) completed his forty-fifth year on the 1st day of October, 1906; and for this reason he contends that he was not under 45 years of age on that day, and, therefore, that he was not, under section 194 of the Constitution, subject to pay a poll tax for the year 1906, because, he says, the tax "became due and payable" on that day.

According to the rule above adverted to it must be conceded that on October 1, 1906, the respondent was not under the age of 45, and was not liable to poll tax in the future; that on that day he became exempt from the payment of such tax. But this concession does not conclude the question at issue. Under the Code of 1876 (section 360) every person of full age was required to make to the tax assesor a full and correct description of all property owned by him on January 1st preceding the assessment. It was held in the case of *Swann &*

*Billups v. State,* 77 Ala. 546 (while that Code was in force), that the tax year commenced with January 1st and ended with December 31st. The law in this respect has been changed; the necessary result of the change being to make the tax year commence on October 1st and end with September 30th. Section 3920 of the Code provides that all property in the state on the 1st day of October is subject to taxation. Section 3930 provides that all assessments must commence October 1st and finish the 1st day of February following. Section 3919 makes all taxes, unless otherwise directed, due and payable on October 1st, and delinquent January 1st, of each year. Section 3921 provides for a lien on all property, from and after October 1st, assessed during that year. Hence, we repeat, it is manifest that the tax year runs from October 1st and ends with September following. Such was the case at the time the Constitution was adopted. Therefore, when the Constitution (section 178) required the payment of the poll tax of 1901, it necessarily referred to and meant the poll tax which was due for the tax year 1900-01, and which became due and payable on October 1, 1901. The Constitution makes no change in the tax year, but, as has been before observed, conforms to the statutory tax year in providing that the poll tax shall become due and payable on the 1st day of October. The poll tax is levied by the Constitution and is a liability on every man, in the class named, who would maintain his status as a qualified elector. In this case the tax was a liability on the respondent from October 1, 1905, although it was not due and paya·ble before October 1, 1906. The words "due and payable," as used in the Constitution, cannot affect the liability of the poll to pay the tax. Their only office is to fix the time when the tax can be paid, and it must be paid on the 1st of October, or between that date and the

1st of the following February. The respondent was, all the time from October 1, 1905, to October 1, 1906—during the whole of the tax year—under 45 years of age. His liability to pay the tax, in order to maintain his status, had become fixed, although the day fixed for payment was the day on which he became 45 years of age. To maintain his status as a qualified voter he should have paid the poll tax for that tax year before the 1st day of February, 1907; and, not having done so, he ceased to be a qualified voter before the election for mayor was held, and, as a consequence, was not eligible to the office of mayor. Having reached the foregoing conclusion, it follows that the demurrer to the replication was properly overruled.

It appears from the information as amended that all details as to the usurpation charged against the respondent were stricken out, leaving only the general averment of usurpation. This amendment did not affect the sufficiency of the information on the ground of generality in its averments (*Jackson v. State,* 143 Ala. 145, 42 South. 61); and, the answer setting up in justification that the respondent was elected mayor on the 1st day of April, 1907, and received the certificate of election, it was entirely in accord with the general averment of usurpation (made in the information) to aver, as was done in replication 4 as amended, the respondent's ineligibility because not a qualified voter. Therefore the doctrine of departure is inapplicable to the replication. From the foregoing considerations it follows that the court committed no error in giving the affirmative charge which was requested in writing by the state.

The court sustained demurrers to some parts of the return as amended, and overruled the respondent's motion to dismiss the information. These rulings are made the basis of assignments of error from 1 to 23 inclusive.

[Frost v. The State, ex rel. Clements.]

The parts of the return to which demurrers were sustained set up matter in estoppel of the relator's right to join in the information, and the motion to dismiss is based on the same matter. It is apparent that these matters, if good for any purpose, could only affect the relator's right as an individual. The replication on which the general charge was given for the state, we have seen, goes only to the eligibility of the relator to hold office. The verdict of the jury must be construed in connection with the special charge given, and the issues found for the state, then, were those presented by amended replication 4. The judgment follows the verdict in this respect, and only adjudicates an ouster of the respondent from the office, without adjudging that the relator is entitled to the office or affording him any relief as an individual. So that, if the court committed error in the rulings complained of, it is affirmatively shown that the error is harmless to the respondent.

The same observations are pertinent to assignments of error 24, 25, 26, 27 28, and 29.

There is no error in the record available to appellant, and the judgment appealed from is affirmed.

Affirmed

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.