# Jackson *v.* The State *ex rel.* Tillman.

*Information in the nature of Quo Warranto.*

1. *Information in the nature of Quo Warranto; particularity not required in information.*—In a proceeding in the nature of *Quo Warranto*, instituted under section 3420 of the Code of

10s

[Jackson v. the State *ex rel.* Tillman.]

1896, particularity of averment, in the information as to the functions, powers, etc. exercised, is not required, and it is sufficient to designate in general terms the office, and to aver the usurpation, intrusion into and unlawful holding of the same.

2. *Same; information need not be sworn to.*—In a proceeding in the nature of *Quo Warranto* instituted by the State, upon the relation of a private person under section 3420 in the Code of 1896, the information need not be sworn to.

3. *Same; what answer must show.*—Where the petition is filed by the State upon the relation of a private person, under section 3420 of the Code of 1896, questioning the right of the respondent to hold a certain office, it is not sufficient that the answer show that the respondent holds a commission from the Chief Executive of the State, but such answer must go further and show that the Governor has authority to issue such commission.

4. *Same; City Court always open for the trial of cases of this nature.*—The fact that judgment was not rendered during the regular term of the court, does not render such judgment void or irregular. The court is open at all times for the trial of such cases.

APPEAL from the Birmingham City Court.

Tried before the Hon. CHARLES W. FERGUSON.

This is a proceeding, in the nature of a *quo warranto,* brought by the State on the relation of S. J. Tillman, and by S. J. Tillman against William Jackson. The facts sufficient for an understanding of the case are stated in the opinion.

PINCKNEY SCOTT, for appellant, cited.—*State ex rel. Crow v. Crook,* 123 Ala. 657.

J. A. ESTES, *contra.*—17 Ency. Pl. and Pr. 457-8 and 550; *Montgomery v. State ex rel. Enslen,* 107 Ala. 384; *People v. River, etc. Company,* 86 Am. Dec. 66; *State v. Harris,* 36 Am. Dec. 462; *State ex rel. Little v. Foster,* 130 Ala. 154.

DOWDELL, J.—This is a proceeding in the nature of a *quo warranto* brought by the State of Alabama on the relation of S. J. Tillman. The ground of complaint averred in the information is usurpation by the respond-

ent of the office of judge of the inferior court of Bessemer.

A demurrer was interposed by the respondent to the petition on several grounds, the first four of which may be summed up as challenging the petition because of generality of averment, and the fifth for the reason that the petition is not verified.

The averments of the petition are, that the respondent has usurped, intruded into and unlawfully holds, without warrant or authority of law, the office of judge of the inferior court of Bessemer, and claims to be clothed with the powers, etc., of such office, and is now exercising the powers, etc., of such office. These averments are substantially in the language of the statute.—§ 3420, subdivision 1, Code 1896.

The State has the undoubted right to require everyone who claims to hold, and is exercising the functions of a public office under constitutional or statutory provisions, to show a lawful right to hold such office and authority to exercise its functions, and it is unimportant that the suit is brought on the relation of a private person.—*Montgomery v. State ex rel. Enslen,* 107 Ala. 372.

In proceedings of this character, particularity of averment in the information as to the functions, powers, etc., exercised, is not required, and it is sufficient to aver in general terms, designating the particular office, the usurpation, intrusion into, and unlawful holding of the same; 17 Ency. Pl. & Pr., pp. 457, 458, 450. Nor is it necessary that the information be sworn to. The action of the court in overruling the demurrer was free from error.

The respondent by his answer admits, "That he is discharging the duties and functions of said office, and is now exercising the powers, jurisdictions and functions of the office," etc., and, without any formal denial of the averment in the information of his usurpation and insrusion into and unlawful holding of the same, says, "That as his authority for discharging the duties of the said office, he would show and exhibit to this Honorable Court his commission, issued by Hon. W. D. Jelks, Governor of the State of Alabama, on the 3rd day of October, 1903, and approved by Hon. J. Thos. Heflin, Secretary of the

State of Alabama, and affixed thereto the Great Seal of the State of Alabama, therefore having duly answered the petition in this case," etc.

The answer was demurred to upon three several grounds; *first*, that it fails to show that the respondent is entitled or authorized to hold the office of judge of the inferior court of Bessemer; *second*, that it fails to show that the Governor had lawful authority to issue the commission; and *third*, "Because the appointment of the Governor of itself and alone does not show that the respondent is rightly in possession of or is entitled to exercise the powers and functions of the office of judge of the inferior court of Bessemer." The demurrer to the answer was sustained by the court, and, the respondent declining to further plead, on motion of the relator, the court rendered a judgment of exclusion of the respondent from said office, and awarded execution against him for costs of suit.

The Governor of the State has authority to issue commissions to public office, or appoint to the same, when authorized to do so by law. When the State requires one, who claims to hold a public office, as it has the unquestionable right to do, to show by what right and authority he holds and exercises the functions of said office, the duty and burden of showing a lawful right to the office is put upon the defendant.—*State v. Harris*, 36 Am. Dec. 462. In such a case it is not enough to show what might be termed a bare *prima facie* right to the office, such as would be evidenced by the holding of a commission from the Chief Executive, but the inquiry reaches further than this, and requires that it be shown that the Governor thereunto was lawfully authorized to act.—*State ex rel. Little v. Foster*, 130 Ala. 154.

*Non constat*, the supposed authority upon which the Governor claimed to act in issuing the commission, might be based upon a void statute—one void as offensive to some constitutional provision, and, if the State should be required to take issue on the answer, the respondent, upon the introduction in evidence of his commission, would make good his plea, entitling him to judgment; or, if the State should be required to reply

[Central of Georgia Railway Co. v. Main.]

specially to such a plea, the burden would be changed from that of the defendant, showing his lawful right and authority, to the State, showing a want of such right and authority. It may be here stated, that the act of the Legislature, creating the inferior court of Bessemer and the office of judge thereof, has been recently by this Court declared unconstitutional and void.—*S. J. Tillman v. W. F. Porter*, opinion in MS. The court properly sustained the demurrer to the answer. The judgment of exclusion and for costs was in accordance with § 3432 of the Code of 1896.

The city court is open at all times for the trial of such cases, and the judgment, therefore, is not void nor irregular, in that it was rendered at another time than during the regular term of the court.—§ 3424 of the Code of 1896.

The case of the *State v. Crook*, 123 Ala. 657, is altogether different from the present one. That was a proceeding by mandamus, and the preliminary writ was made returnable before the judge in vacation, and was tried in vacation by the judge as such, and not sitting as a court. The trial here was by the city court.

We find no error in the record, and the judgment appealed from will be affirmed.

Affirmed.

McCLELLAN, C. J., HARALSON and DENSON, J.J., concurring.