# State *ex rel.* Goodgame, *et al.* v. Matthews.

## *Quo Warranto.*

### (Decided Dec. 19, 1907. 45 South. 307.)

1. *Quo Warranto; Complaint; Requisites.*—Quo Warranto is a civil action to try a civil right and the complaint must aver clearly and concisely the act or omission complained of, else, it is demurrable.

2. *Evidence; Judicial Notice; Municipal Charters.*—The courts take judicial notice of municipal charters.

3. *Municipal Corporations; Mayor; Qualifications.*—One is not disqualified because not a qualified elector from holding the office of mayor in a municipality whose charter provides that the only requisite qualification is a bona fide citizenship in the town for two years next preceding the election.

4. *Same; Legislative Authority.*—It is within the legislative authority to prescribe as the sole requisite as a qualification for holding municipal office, a bona fide citizenship in a municipality for two years next preceding the election.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Quo warranto by the state of Alabama, on the relation of Will Goodgame and another, against Emmett A. Matthews. From a judgment for defendant, relators appeal. Affirmed.

RUSHTON & COLEMAN, for appellant. The whole question in this case is, whether or not, any but qualified electors can hold an elective office in Alabama. Quo warranto is the proper mode of procedure.—*State ex rel. Harris v. Elliott,* 117 Ala. 150. The proper way to have reached the defects in the writ was by motion to quash it.—*Capital City W. Co. v. The State,* 105 Ala. 406; *Montgomery v. The State,* 107 Ala. 372. The qualifications in the charter of the town (Acts 1896-7, p. 753) and those prescribed by section 3056 of the Code. Un-

[State, ex rel. Goodgame, et al. v. Matthews.]

der the authorities, the right to hold office and the right to vote must go along together.—*Scott v. Strobach*, 49 Ala. 477; *State v. Trumps*, 50 Wis. 103; *State v. Smith*, 14 Wis. 497; *State v. VanBeek*, 19 L. R. A. 622.

WILLIAM A. COLLIER, for appellee. This proceeding is governed in the main by the rules applicable to civil pleading.—17 Ency. P. & P. 457. Under the charter of the town, Matthews was eligible to hold office if he was a bona fide resident for two years preceding the election. —Meacham on Public Offices, Sec. 67 and 75. The rule governing in this state is the charter of the town and section 3056, Code 1896. The legislature may define the qualifications of office holders.—23 A. & E. Ency. of Law, 330.

TYSON, C. J.—Under our statutory system a proceeding in the nature of quo warranto is a civil action, to try a civil right, and a complaint averring the act or omission complained of, concisely and clearly, is necessary to support the action. A complaint faulty in this respect is subject to demurrer.—Section 3428 of the Code of 1896; *L. & N. R. R. Co. v. State of Alabama ex rel. Gray*, 45 South. 296; *State v. Price*, 50 Ala. 571.

The ground laid in the information as amended, in this case, upon which it was sought to oust the defendant of the right to exercise the prerogatives of the office of mayor of Clanton, to which he had been elected, is that he was not a qualified elector of the town, nor of the county or state, at the time of his election, had not been such since his election, and was not at the time of the filing of the information a qualified elector. By the charter of the town, of which this court will take judicial notice, the sole qualification requisite to a lawful holding

of the office of mayor is prescribed; and that qualification is that the person shall have been a bona fide citizen of said town for two years next preceding his election to the office.  The legislative competency to prescribe this qualification and to exclude all others cannot be doubted.  Consequently the disqualification relied on cannot defeat appellee's right to the office.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.