# State *v.* Albright.

*Habeas Corpus.*

(Decided April 23, 1908.    46 South. 470.)

1. *Justices of the Peace; Nature of Office.*—The office of justice of the peace is a public office.

2. *Habeas Corpus; Indictment Pending.*—Where one is under indictment for an offense and relies upon certain facts as a defense, such facts are for the determination of the circiut court having jurisdiction of the person and subject matter, and habeas corpus will not lie to test such question.

APPEAL from Baldwin Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Petition by P. Y. Albright for a writ of habeas corpus. From an order granting the writ and discharging petitioner, the state appeals. Reversed and rendered.

ALEXANDER M. GARBER, Attorney-General, for the State. The petitioner was discharged on the idea that

it was not necessary for him to be a qualified voter to hold the office of justice of the peace. This is not true.— Sec. 168, Const. 1901; *Stroback v. Scott,* 49 Ala. 477; *Iowa v. Van Back,* 19 L. R. A. 622; *State v. Smith,* 14 Wis. 497; *State v. Murrary,* 28 Wis. 96; *State v. Trumpf,* 50 Wis. 103; Beacham on Public Offices.

S. C. JENKINS, for appellee. Counsel contends that the action of the lower court in discharging defendant is proper and cites in support thereof.—*Williamson, et al. v. Woolf,* 37 Ala. 298; *Ex rel Winter v. Sayre,* 24 South. 89; Cooley's Const. of Lim. 60 and 74; Sec. 154, Const. 1901; Secs. 3055 and 3056, Code 1896; 15 S. W. 1100; 80 Tex. 428; 3 Cow. 703; 52 N. J. L. 332.

HARALSON, J.—The defendant, P. Y. Albright, was indicted in Baldwin county, under section 5153 of the Criminal Code of 1896 (section 7446, Cr. Code 1907), which provides: "Any person, being disqualified by law, who, by election or appointment, enters upon any public office, must, on conviction, be fined not less than one hundred dollars." That a justice of the peace is a public officer is not, and cannot be, denied.

The case was tried on an agreed statement of facts by which it appears, that defendant, on the 5th of April, 1907, was duly appointed and commissioned as a justice of the peace for precinct 8, in said county of Baldwin, and entered as such on the discharge of his official duties; that he removed from another state, with the intention of becoming a citizen of this state, and was residing in Baldwin county at the time of his appointment to said office, and was a resident, but not a qualified voter of this state at that time. He was arrested by the sheriff under said indictment, and immediately sued out a writ of habeas corpus before the judge of the circuit court of

[Ex parte Bennefield.]

said county, and on the trial of the case under said writ, he was discharged by the judge, to reverse which order the state appeals.

The mode of procedure adopted in this case is not the proper one to raise the question of the guilt or innocence of the defendant in the indictment—petitioner in this case. The matter here sought and relied upon for the discharge of the petitioner, is clearly for the determination of the circuit court, on trial under the indictment. That court having jurisdiction of the offense and the person, habeas corpus will not lie for the discharge of the petitioner.

The order appealed from is vacated; and one will be here rendered, dismissing the petition.

Reversed and rendered.

TYSON C. J., and SIMPSON and DENSON, JJ., concur.