(76 South. 33)

LONGSHORE v. STATE ex rel. KROELL.
(7 Div. 873.)

(Supreme Court of Alabama. June 7, 1917. Rehearing Denied June 28, 1917.)

1. STATUTES ⬅64(4)—PARTIAL INVALIDITY—EFFECT — APPOINTMENT AND ELECTION OF OFFICERS.

Since Loc. Acts 1911, p. 154, created a board of revenue for Shelby county and provided for its appointment by the Governor, and because the two divisions of the statute are inseparable, one elected under void local Acts 1915, p. 199, cannot defeat quo warranto proceedings on the theory that the portion of the 1911 act providing for executive appointment was invalid, and relator's appointment thereunder void, and that therefore respondent's election will be imputed to Code 1907, § 334, since the statute, if invalid in part, is entirely invalid.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 61, 195.]

2. STATUTES ⬅125(5) — SUBJECTS AND TITLES—VALIDITY.

Loc. Acts 1911, p. 154, "to establish a board of revenue for Shelby county and to abolish the board of county commissioners thereof," does not violate Const. § 45, by including the provision for appointment of the officers by the Governor; the subject being fairly embraced in the title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 187, 188.]

3. QUO WARRANTO ⬅24—INTEREST OF PARTIES—EFFECT.

In quo warranto directed against a member of the board of revenue, it is of no consequence that some incidental benefit may result to the relator from the ouster of the respondent.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 27.]

4. QUO WARRANTO ⬅24—INTEREST OF PARTIES—EFFECT.

In quo warranto directed against a member of the board of revenue, the fact that the relator personally assumed the office under the same election as the respondent could not be urged against the relator personally as an estoppel, since it could not affect the right of the state to oust the respondent from a public office unlawfully held.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 27.]

5. QUO WARRANTO ⬅54—BURDEN OF PROOF.

In quo warranto the respondent is bound to show, not merely a commission from the Governor, but also that the commission was issued

as required by law either after election or upon appointment.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 61.]

6. STATUTES ⬅8½(1) — ENACTMENT — LOCAL ACTS.

Loc. Acts 1915, p. 199, as to election of county officers, is void because violative of Const. § 106, in that the journals of the houses do not affirmatively show that the prescribed notice for local act was given, and therefore an election held under such act is invalid, and does not authorize the Governor to issue a commission to the persons receiving the greatest number of votes at such election.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 6.]

7. COUNTIES ⬅62—OFFICERS—APPOINTMENT—VALIDITY.

Where county officers were chosen at a void election, their commissions issued by the Governor could not be operative as an executive appointment to fill a vacancy.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 87–90.]

8. EVIDENCE ⬅44 — JUDICIAL NOTICE — INCUMBENTS OF OFFICE.

Where it appears that relator was appointed by the Governor to the office of president of the board of revenue of Shelby county under Loc. Acts 1911, p. 154, for a term commencing May 22, 1915, and ending May 22, 1919, the Supreme Court will judicially know that there was no vacancy in said office on January 15, 1917, at which time respondent took possession of the office under an election held under a void local act, so that the Governor's commission issued to respondent in pursuance of such election could not operate as an appointment to fill a vacancy.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 66.]

Appeal from Circuit Court, Shelby County; Lum Duke, Judge.

Quo warranto by the State, on relation of P. J. Kroell, against A. P. Longshore, Sr. Judgment of ouster, and respondent appeals. Affirmed.

Browne, Longshore, Koenig & Longshore, of Columbiana, and E. H. Dryer, of Birmingham, for appellant. W. L. Acuff, of Columbiana, for appellee.

SOMERVILLE, J. The state of Alabama, on the relation of P. J. Kroell, files its petition in a quo warranto proceeding calling upon the respondent, A. P. Longshore, to show by what authority he claims to hold the office of president of the board of revenue of Shelby county, and praying that he be ousted therefrom. Besides the formal parts, the petition charges simply that the respondent "has usurped, intruded into, and unlawfully holds, without warrant or authority of law," the office in question, which is a public civil office of the state of Alabama.

Demurrers to the petition being overruled, respondent filed a general answer and a number of special pleas. A demurrer was sustained to the answer, and all the special pleas were eliminated either by demurrer or by motion to strike, except plea 11, on which

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

issue was joined, and the trial was had on the pleadings and an agreed statement of facts.

The trial court rendered a judgment of ouster in accordance with the prayer of the petition, from which respondent appeals.

A local act, which became effective in May, 1911 (Local Acts 1911, p. 154), created a board of revenue for Shelby county, and abolished the court of county commissioners. The new board consisted of a president and four members, to be appointed initially and thereafter by the Governor.

A local act approved September 2, 1915 (Local Acts 1915, p. 199), amended the previous act by making the president and associate members of the board elective at the general elections, instead of appointive by the Governor, their terms to run, with other county officers, from the first Monday after the second Tuesday in January. Under the first act the relator, Kroell, was appointed and commissioned by the Governor as president of the board on May 22, 1915. Under the amendatory act the respondent, Longshore, and the relator, Kroell, were candidates in the general election of November, 1916, the former for president and the latter for member of the board of revenue, and their election to those offices was certified by the proper officer to the secretary of state. Thereupon, on November 22, 1916, a commission was issued to each of them by the Governor in the usual form. The terms of office to which these commissions relate were to begin, under the amendatory act, on Monday, January 15, 1917, up to which date the respondent, Longshore, remained legally incumbent in the office of probate judge of Shelby county, and the relator, Kroell, remained legally incumbent in the office of president of the board of revenue. On that date Longshore assumed the office of president of the board, and Kroell assumed the office of associate member of the board, and have since so acted.

The petition is filed on the theory that the local act of September 2, 1915, is void because violative of section 106 of the Constitution, and hence the commission issued to respondent on a void election gives him no title to the office. The invalidity of that act, for the reason stated, is conceded and affirmed by respondent. His defenses, however, are threefold. He contends:

(1) That, since the relator anticipated his own automatic reinstatement in the office of president of the board if respondent is ousted, the proceeding is in effect a private suit between relator and respondent, and, relator having accepted the benefits of his own election, though his election and respondent's may both be void, and having occupied the office of member of the board, and received its emoluments, he is thereby estopped from denying respondent's title to the office of president of the board.

(2) That, though respondent's election was void, yet the commission issued to him by the Governor on November 22, 1916, was in effect an executive appointment to the office under the provisions of the act of 1911; this upon the theory that the office of president of the board was then vacant by reason of the fact that Kroell, previously incumbent, had vacated the presidency of the board by accepting on that date his own commission from the Governor as associate member of the board.

A third contention, as shown by the allegations of plea 11, was that the act of 1915 is invalid entirely, and the act of 1911 is invalid in part, viz. as to its provisions for executive appointment of the members of the board, and hence respondent's election in November, 1916, will be imputed to, and be upheld as valid under, the general provision for the election of such officers to be found in section 334 of the Code.

[1, 2] This last contention is not insisted upon in argument, and, indeed, if sustained, would manifestly defeat itself, for the act of 1911 could not stand if the appointive provision were stricken from it; and the result would be to annihilate the board of revenue itself. Respondent's idea seems to be that the title of the act, "To establish a board of revenue for Shelby county, and to abolish the court of county commissioners thereof," does not comprehend by any logical suggestion the grant of the appointing power to the Governor, and hence violates section 45 of the Constitution. There is no merit in this criticism. State ex rel. Thomas v. Gunter, 170 Ala. 165, 174, 54 South. 283.

We will now consider the questions presented.

[3] 1. Tested by the purpose and prayer of the petition, this is a proceeding strictly in quo warranto, since it does not seek to secure the relator's installation in the office in question. The petition is sufficient for the purpose stated. State ex rel. Knox v. Dillard, 72 South. 56.[1] It is of no consequence that some incidental benefit may result to the relator from the ouster of respondent.

[4] 2. In such a case no estoppel can be urged against the relator personally which could affect the right of the state to oust the respondent from a public office unlawfully held. Frost v. State ex rel. Clements, 153 Ala. 654, 45 South. 203. Such an estoppel could operate only upon the relator's claim to the office for himself. The striking of the several pleas of estoppel from the file was without prejudice to respondent's rights.

[5] 3. "When the state requires one who claims to hold a public office, as it has the unquestionable right to do, to show by what right and authority he holds and exercises the functions of said office, the duty and burden of showing a lawful right to the office is put upon the defendant. * * * In such a case it is not enough to show what might be termed a bare prima facie

[1] 196 Ala. 539.

right to the office, such as would be evidenced by the holding of a commission from the chief executive, but the inquiry reaches further than this, and requires that it be shown that the Governor thereunto was lawfully authorized to act." Jackson v. State ex rel. Tillman, 143 Ala. 145, 42 South. 61.

Under this requirement the respondent was bound to show, not merely a commission from the Governor, but also that that commission was issued as required by law, to evidence either respondent's legal election to the office or his appointment to fill an existing vacancy in a term thereof.

All of respondent's pleas show that he is claiming the office under a commission issued to him, not in fruition of an executive appointment to a vacancy, but automatically by virtue of his supposed election to a new term of the office.

[6] As conceded by respondent, the act of September 2, 1915, is void because violative of section 106 of the Constitution, in that the journals of the two houses do not affirmatively show that the prescribed notice was given as for a local act. This being true, the election held thereunder was itself a nullity, and did not authorize the Governor to issue a commission to respondent.

Respondent's answer, and each of his several pleas, down to 6, base his right to hold the office on the election of November, 1916, held under the authority of the act of 1915. The demurrers to these pleas were properly sustained. Pleas 6 and 8 base his right on his election under the general provision of the Code, viz. section 334.

[7] Pleas 9, 10, and 11 base respondent's right on the commission issued to him from the Governor on November 22, 1916, which it is alleged was issued by virtue of respondent's election under the general statute. It is apparent that these pleas were not, and could not be, proved, since, as matter of law, respondent could not have been elected to an office which remained appointive. Nor is there any merit in respondent's contention that the commission operated as an executive appointment to fill a vacancy. The pleas show affirmatively that it was not so intended by the Governor; and, without their aid, it would be presumed that it was intended only to evidence the selective result of the election, in the absence of proof that a vacancy in the office existed when the commission was issued.

[8] Moreover, we judicially know that there was no vacancy at that time, but that the relator, Kroell, was then incumbent, and so remained until January 15, 1917. Whether or not Kroell vacated the term for which he was appointed, viz. from May 22, 1915, to May 22, 1919, by his surrender of the office of president of the board to Longshore, and by his assumption de facto of the office of associate member, on and after January 15,

1917, under the supposed authority of a void election, is a question not now presented for decision. See, however, Judge Freeman's note to Attorney General v. Oakman, 126 Mich. 717, 86 N. W. 151, 86 Am. St. Rep. 574, bottom of page 579.

We hold that there was nothing to be submitted to the jury, and that the trial court entered the proper judgment of ouster against the respondent.

The judgment will therefore be affirmed.
Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.