(93 South. 870)

**STATE ex rel. BARRICK et al. v. DAVISON et al. (8 Div. 464.)**

(Supreme Court of Alabama. June 30, 1922. Rehearing Denied Oct. 12, 1922.)

Quo warranto ⬠20—Action in name of state authorized to oust usurper in office in fraternal association without showing who had title to it. ·

Code 1907, § 5453, providing for an action in the name of the state for usurpation of office or franchise, authorized a proceeding by a member of a private fraternal insurance corporation to oust any one usurping an office therein without necessity for showing who in fact had title to such office.

Gardner and Thomas, JJ., dissenting.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Quo warranto by the State of Alabama, on the relation of Emanuel Barrick and W. T. Sherman Culp, against Robert P. Davison and others. After judgment sustaining demurrer to the information, petitioners declined to amend, and appeal. Reversed and remanded.

Cooper & Cooper, of Huntsville, for appellants.

Appellants may maintain the action without regard to their right to the offices. Code 1907, §§ 5454, 5462; 42 App. D. C. 78, Ann. Cas. 1915D, 1146; 22 R. C. L. 69.

Geo. J. Edwards, Jr., of Philadelphia, Pa., R. E. Smith, of Huntsville, and James J. Mayfield, of Montgomery, for appellees.

Where the object of the information is to remove respondents from certain corporate offices of which they are incumbents it is necessary for the relators to show a title in themselves. 3 High, Ext. Leg. Rem. 613; 21 N. J..Law, 317; 22 R. C. L. 718; 117 N. C. 158, 23 S. E. 250, 30 L. R. A. 532, 53 Am. St. Rep. 580; 44 Mo. 154, 100 Am. Dec. 265; 85

Vt. 212, 81 Atl. 536, Ann. Cas. 1914C, 661; 3 Ark. 570, 36 Am. Dec. 460; 141 Ill. 9, 30 N. E. 680, 33 Am. St. Rep. 270; 15 Johns. (N. Y.) 358, 8 Am. Dec. 243; 6 Dowl. & R. 336; 129 Ill. 169, 21 N. E. 843; 77 Cal. 360, 18 Pac. 85, 19 Pac. 693, 2 L. R. A. 92; 97 Cal. 276, 32 Pac. 236, 33 Am. St. Rep. 172; 38 Mich. 204; 147 Mo. 1, 44 S. W. 758; 25 Ohio St. 279; 18 Ohio St. 262. A plaintiff, in an action to try his right to an office against an alleged usurper, must show his own legal title, and cannot recover on the infirmities of that of the defendant. 17 Ency. Pl. & Pr. 463; 156 Ala. 645, 47 South. 126. The information in the nature of a quo warranto, when pursued by an individual claiming a right to an office, has long since lost its character as a state prosecution, and is now governed by the same rule as civil actions. 2 Ala. 143.

GARDNER, J. The private corporation known as Heralds of Liberty was duly organized and incorporated as a benevolent society under the provisions of the statutes of this state, and an important feature of the business of said corporation was the issuance of life insurance certificates to its members. The by-laws of the order provided for the election of trustees who composed what is known as the supreme council. There were also provisions for the office of past supreme commander, commander, treasurer, recorder, chaplain, sentinel, and supreme medical director.

A meeting of the supreme officers, elected delegates of the grand lodges, and standing committee, is known as the regular conclave, which occurs quadrennially on the first Monday in October, by which conclave the supreme officers of the order are elected, with the exception of supreme recorder and medical director who are chosen by the supreme council at each regular conclave. The home office of the organization was in the city of Huntsville, where the regular conclave was properly held, but its general business is conducted in the city of Philadelphia.

Appellants, Emanuel Barrick and W. T. Sherman Culp, claiming to be officers in the Heralds of Liberty, instituted this statutory quo warranto proceeding against the appellees, insisting the respondent Davison was unlawfully usurping the office of supreme commander, and respondent Samford usurping the office of supreme recorder; and the other respondents are charged with unlawfully usurping the office of trustees. The petition discloses that Emanuel Barrick is claiming the office of supreme recorder and Culp that of supreme chaplain, and that one Pratt is in fact entitled to the office of supreme commander, and it is also averred that petitioners are trustees of the order. The petition seeks, not only to oust respondents from their respective positions, but to have petitioner and others installed in their stead.

In the fifth paragraph it appears that differences arose between the insurance commissioner of this state and the officers of the Heralds of Liberty as to the management of said business in the year 1920; that various meetings were held in the city of Montgomery with said insurance commissioner, resulting in a demand made by him for the following officers of said order to resign their respective positions under a penalty of canceling the license of the Heralds of Liberty to continue its insurance business, to wit: Tracy W. Pratt, supreme commander, Charles R. Adams, past supreme commander, Alfred Adams, supreme treasurer, Morton Adams, supreme sentinel, and Emanuel Barrick, supreme recorder—and that in order to avoid a receivership and cancellation of the license the said officers tendered their resignation, effective the first Monday in October, 1921. It was agreed that the insurance commissioner should delegate a representative to superintend or overlook the general affairs of the order pending a meeting of the next conclave of the Heralds of Liberty, which was to be held the first Monday in October thereafter, that thereupon the insurance commissioner named respondent Davison to represent him at its place of business in Philadelphia, and that said Davison assumed charge of the affairs of said order.

The regular conclave of the order was held in Huntsville at the time as provided by law, and the legality of this conclave is attacked upon the ground that said Davison opened the same as representative of the insurance commissioner instead of supreme commander, although the petition discloses the officers acquiesced therein; and the legality of the conclave is further attacked upon the ground of irregularity in the issuance of notices. It clearly appears, however, that notice was in fact given to the grand lodges of the conclave, and that delegates appeared and transacted business in answer thereto, and that the regular conclave was in fact held at the proper time and place. The supreme officers understood that the regular conclave was to be held at Huntsville on the first Monday in October, the date upon which their resignation became effective, and had acquiesced in the representative of the insurance commissioner taking charge of the affairs of the order; and a failure to have formal notice issued to them could at most be but an irregularity, and without material bearing upon the result here.

Relator Barrick tendered his resignation as supreme recorder, which, as previously stated, has been accepted. Relator Culp's term of office as supreme chaplain expired on the first Monday in October, 1921, and his successor was chosen at the regular conclave.

The information shows that these respondents now occupy the several positions as a result of the regular conclave, and that there-

fore these petitioners and the other officers whose terms had expired were not re-elected. The regular conclave being held at the proper time and place, as provided by the by-laws and constituted of delegates representing the grand lodges in answer to the notice given, whatever irregularities may be disclosed by the information was not an absolutely void proceeding. It therefore appears from the original information that the relators failed to show they were entitled to hold any of these offices in the Heralds of Liberty, and this defect of the petition was pointed out by appropriate grounds of demurrer, which were sustained.

In answer to this ruling of the court, the information was amended by the averment, in substance, that in February, 1922, the said supreme council convened in the office of supreme recorder, and duly elected relator Culp as supreme recorder, and two other persons as treasurer and medical director; but this amendment added nothing by way of answer to the demurrer, as it presupposes authority on the part of the council, as alleged, to have existed in relators to meet at that time and place and elect these officers without disclosing by what authority this was done, or showing the legality thereof. Appropriate grounds of demurrer were again interposed to the information as amended, and sustained. The relators declining to plead further, their petition was dismissed, and from this judgment they have prosecuted this appeal.

Counsel for appellant insists that under our statutes, sections 5453 and 5454, Code 1907, it is unnecessary that the relators show a right of title in themselves to the offices from which they seek to oust respondents, and have themselves installed therein. We have previously noted the fact that the Heralds of Liberty is a private corporation, and that these relators seek, not only to oust the respondents from their office, but to have themselves restored thereto. This insistence, however, is contrary to the general rule as recognized by the authorities. A proceeding of this nature affects merely private rights, in which the public is without interest, and, speaking of the distinction between these two classes of cases, Mr. High in his work on Extraordinary Legal Remedies (3d Ed.) § 652, says:

"As regards the title necessary to be shown by the prosecutor in order to support the information, a distinction is taken between cases affecting merely private rights, where the proceedings are instituted in behalf of a private citizen, and cases affecting public interests, where the people are the real as well as nominal prosecutors. For example, when the object of the information is to remove respondents from certain corporate offices of which they are incumbents, it is necessary that the relators show a title in themselves before they can properly inquire by what authority the respondents exercise their office or franchise, and

a failure to show such title is fatal to the application. And it would seem that an information will not be allowed in behalf of one corporator against another, upon the ground of a defect of title which applies equally to the relator or to those under whom he claims, even though he has been for many years in the uninterrupted enjoyment of his franchise."

The same rule is recognized in 22 R. C. L. p. 718, and authorities cited in note. The distinction made by the authorities is rested upon sound reasoning, and recognized both by the text-writers and numerous decisions of the courts.

But the appellant's counsel insists that many of the authorities cited in the text rest upon statutory provisions differing from ours, and under the statutes of this state the rule is without application. This argument, however, loses its force upon an examination of the decisions of this court, for even in a contest for a public office where the relators seek, not only to oust the respondents, but to be inducted in office themselves, this court has held that the proceeding "is essentially and practically a civil suit, wherein the complaint should set out the facts upon which the plaintiff relies to sustain his title to the office, and, as far as practicable, specify the objections intended to be made to the title of the defendant. State v. Price, 50 Ala. 568. This authority was quoted with approval in the more recent case of Ham v. Buck, 156 Ala. 645, 47 South. 126, as disclosed by the following quotation therefrom:

"But when there is sought by this proceeding 'not only the exclusion of the defendant from the office in controversy, but the installation of the relator, the proceeding is essentially and practically a civil suit, wherein the complaint should set out the facts upon which the relator relies to sustain his title to the office, and, so far as practicable, specify the objections intended to be made to the title of the respondent.' State v. Price, 50 Ala. 568; State v. Goodgame, 153 Ala. 646, 45 South. 307."

The foregoing sections of the Code have remained substantially unchanged, and were readopted with the construction placed upon them by these decisions, and we find nothing in them therefore which would indicate that the well-recognized general rule as quoted from High on Extraordinary Legal Remedies, supra, would fail of application here.

The provisions of section 5454, giving authority to the circuit judge to initiate such proceedings by directing the solicitor to bring the action, or, in the absence of such direction on his part, authorizing such action to be brought on information of any person giving security for the costs, manifestly were never intended to have application in a case of this character, involving the assertion of purely private rights in a private corporation.

We are therefore of the opinion the relators have failed to show title to the offices

from which they here seek to have respondents ousted, and themselves installed, and that the court below properly ruled in sustaining the demurrer.

The foregoing represents the views of the writer, with whom Justice THOMAS concurs; but the majority of the court, consisting of ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and MILLER, JJ., are of the opinion that the language of our statute (section 5453 et seq.) is broad enough to authorize a proceeding of this character, by any member of the private corporation here involved, to oust any one usurping any office therein, without a necessity for showing who in fact has title to such office, and that the mere fact that the petition seeks also to have the proper officials, among whom are these petitioners, inducted into these offices does not render the information or petition as a whole subject to demurrer. They therefore think that the action of the court below cannot be sustained upon this assignment of demurrer.

It follows therefore that the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and MILLER, JJ., concur.

GARDNER and THOMAS, JJ., dissent.