(115 So. 392)

**SHARP v. STATE ex rel. ELLIOTT.**
**(6 Div. 61.)**

Supreme Court of Alabama. Jan. 28, 1928.

1. **Quo warranto ☜48—Information is sufficient, if it avers generally that respondent usurps and unlawfully holds designated office.**

An information in quo warranto is sufficient, if it avers in general terms that respondent usurps, intrudes into, and unlawfully holds the designated public office.

2. **Quo warranto ☜48—Information, alleging that respondent usurps and unlawfully holds office of judge of inferior court, which is a public civil office, held sufficient.**

Information in quo warranto, alleging that respondent has usurped and unlawfully holds office of judge of inferior court, and is exercising functions of such office, and that such office is a public civil office, *held* sufficient.

3. **Quo warranto ☜55—Respondent in quo warranto admitting holding public office must show authority therefor.**

In quo warranto, when state has shown, or respondent admits, that he is holding and exercising powers and duties of public office, he must then show by what authority he holds office and that he is in rightful exercise of its duties and powers.

4. **Quo warranto ☜55—Respondent in quo warranto has burden of showing that he lawfully holds office.**

In quo warranto, respondent has burden of alleging and proving facts necessary to show that he lawfully holds office and rightfully exercises duties and powers.

5. **Quo warranto ☜50(2)—Answer in quo warranto alleging that respondent was appointed by Governor, who had authority to appoint, held insufficient (Loc. Acts 1927, p. 202).**

In quo warranto, answer alleging that respondent was appointed by Governor, and that Governor had authority to make appointment, *held* insufficient, in view of Loc. Acts 1927, p. 202, as against demurrer on ground answer fails to set up facts showing that he is qualified, or that he is licensed to practice law.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Quo warranto proceeding by the State of Alabama, on the relation of A. D. Elliott, and A. D. Elliott individually, against M. J. Sharp. From a judgment ousting him from office, respondent appeals. Affirmed.

Statement of case by SOMERVILLE, J.:

The proceeding is by statutory quo warranto to test the right of the respondent to hold a public office.

The information is as follows:

"That the respondent, M. J. Sharp, has usurped, intruded into, and unlawfully holds, without warrant or authority of law the office of judge of the inferior court of Leeds, at Leeds, Jefferson county, Ala., and claims to be clothed

with the powers and privileges of said office, and is exercising the powers and functions of same; that said office is a public civil office of the state of Alabama. The premises considered, plaintiffs pray that the defendant, M. J. Sharp, be required to show by what warrant or authority he claims the right to hold said office, and to exercise the powers and privileges thereof, and by what warrant, right, or authority he does exercise the powers and privileges of said office, and holds said office, and that, on the final hearing, judgment be rendered ousting him, the said M. J. Sharp, from said office, and from holding same and exercising the powers and privileges thereof. Grant general relief."

Respondent's motion to quash, and also his demurrer on the same grounds, being overruled, he answered as follows:

"Now comes the respondent, M. J. Sharp, and, for answer to the quo warranto in said cause filed, hereby denies that he has usurped, or that he unlawfully holds the office of judge of the inferior court of Leeds, Ala., but said respondent avers on the contrary that he now holds by virtue of appointment made and commission issued by the Honorable Bibb Graves, as Governor of Alabama, the said office of judge of the inferior court of Leeds, Jefferson county, Ala.; that said office having been created by a valid act of the Legislature approved August 27, 1927, and said office was vacant, and the said Governor had authority to make said appointment, and to issue the commission which respondent holds therefor."

The relator demurred to the answer on several grounds including the following:

"(7) For aught that appears from said answer the respondent is not licensed to practice law.

"(8) Said answer fails to allege, or set up facts which shows that the respondent possesses all the qualifications required by law for a person to hold the office of judge of the inferior court of Leeds."

This demurrer was sustained. Thereafter, as the judgment entry recites:

"Came the parties by their attorneys, and respondent now declining to plead or answer further, now on motion of relator, it is further ordered and adjudged by the court that the defendant, M. J. Sharp, be and he is hereby adjudged guilty of usurping and intruding into and unlawfully holding the office described in the petition filed herein, to wit, judge of the inferior court of Leeds, Jefferson county, Ala., and that said defendant, M. J. Sharp, be and he is hereby excluded from said office into which he is now unlawfully intruding."

From this judgment, the respondent, Sharp, appeals.

Fred Fite and Erle Pettus, both of Birmingham, for appellant.

The motion to quash the original petition should have been granted, and demurrer thereto should have been sustained. L. & N. R. Co. v. State, 154 Ala. 156, 45 So. 296;

Code 1923, § 9940; State ex rel. Knox v. Dillard, 196 Ala. 546, 72 So. 56. Respondent's answer was a complete and sufficient answer to the petition, and the sustaining of demurrer thereto was error. State ex rel. Knox v. Dillard, supra; Longshore v. State, ex rel., 200 Ala. 267, 76 So. 33; Head v. Hood, 214 Ala. 353, 107 So. 854; Plowman v. Thornton, 52 Ala. 559. The court after sustaining demurrer to the answer could not render judgment against respondent without more, the answer was sufficient, and respondent was not required to plead further. Authorities, supra; Ellis v. Brannon, 161 Ala. 573, 49 So. 1034. The court below was bound to take judicial knowledge of existence of the office created by the act of the Legislature, of said act, and of the commission issued by the Governor. Longshore v. State ex rel., supra; Duy v. Ala. West. R. Co., 175 Ala. 162, 57 So. 724, Ann. Cas. 1914C, 1119; 23 C. J. 103, 106; Olmstead v. Thompson, 91 Ala. 130, 8 So. 755; Reach v. Quinn, 159 Ala. 340, 48 So. 540; Williams v. Finch, 148 Ala. 674, 41 So. 834; Fenn v. Reber, 153 Mo. App. 219, 132 S. W. 627; Ex parte Peterson, 33 Ala. 74.

W. L. Acuff, of Leeds, for appellee.

The complaint or information calling into question the rightfulness of respondent's occupancy of a public office is sufficient. State v. Dillard, 196 Ala. 539, 72 So. 56; Jackson v. State, 143 Ala. 145, 42 So. 61; Ham v. State, 156 Ala. 645, 47 So. 126. The burden was cast upon respondent to show a lawful right to the office and to fully set forth the authority by which he holds the office. It is not enough to show a prima facie right. Montgomery v. State, 107 Ala. 372, 18 So. 157; Longshore v. State, 200 Ala. 267, 76 So. 33; Jackson v. State, supra; Frost v. State, 153 Ala. 654, 45 So. 203; 32 Cyc. 1454; Whelchel v. State, 76 Ga. 644; People v. Crawford, 28 Mich. 88. The judge of the inferior court must be a licensed attorney. Local Acts 1927, p. 202; Hails v. State, 16 Ala. App. 132, 75 So. 724. Where respondent declines to plead further in a quo warranto proceeding, it is proper to render judgment of ouster. Jackson v. State, supra.

SOMERVILLE, J. [1, 2] As repeatedly held by this court, the information in cases of this sort is sufficient, if it avers in general terms that the respondent usurps, intrudes into, and unlawfully holds a designated public office. Jackson v. State ex rel., 143 Ala. 145, 42 So. 61; Frost v. State ex rel., 153 Ala. 654, 45 So. 203; State ex rel. Knox v. Dillard, 196 Ala. 539, 72 So. 56; Longshore v. State ex rel., 200 Ala. 267, 76 So. 33. The information in this case meets all requirements, and is not subject to any ground of the demurrer.

The answer, it will be observed, denies

that the respondent usurps, or unlawfully holds, the office in question, and affirms that he holds it "by virtue of appointment made, and commission issued," by the Governor; averring further that:

"Said office was vacant, and the said Governor had authority to make said appointment and to issue the commission which respondent holds therefor."

The respondent insists that this answer sufficiently shows that he is lawfully holding the office, and insists, further, that it is not subject to any of the grounds of demurrer.

[3, 4] In this proceeding, when the state has shown, or the respondent has admitted, that the respondent is holding and exercising the powers and duties of a public office under the state, he must then show "by what authority he holds the office, and that he is in the rightful exercise of its duties and powers." Montgomery v. State ex rel. Enslen, 107 Ala. 373, 384, 385, 18 So. 157.

In accordance with this rule as to the burden of proof, the respondent's answer must assume the burden, and must allege the facts which are necessary to show that he lawfully holds the office, and rightfully exercises its duties and powers. As said in Jackson v. State ex rel. Tillman, 143 Ala. 145, 148, 42 So. 61, 62:

"In such a case it is not enough to show what might be termed a bare prima facie right to the office, such as would be evidenced by the holding of a commission from the Chief Executive, but the inquiry reaches further than this, and requires that it be shown that the Governor thereunto was lawfully authorized to act. State ex rel. Little v. Foster, 130 Ala. 154 [30 So. 477].

"Non constat," it was further observed, "the supposed authority upon which the Governor claimed to act in issuing the commission, might be based upon a void statute—one void as offensive to some constitutional provision, and, if the state should be required to take issue on the answer, the respondent, upon the introduction in evidence of his commission, would make good his plea, entitling him to judgment; or, if the state should be required to reply specially to such a plea, the burden would be changed from that of the defendant, showing his lawful right and authority, to the state, showing a want of such right and authority."

[5] Here, the answer sets up a commission from the Governor, and also avers in general terms that the Governor had authority to appoint the respondent, and to issue to him the commission.

As we have seen, the burden is upon him to show the facts necessary to render his holding lawful. This includes, not merely the general authority of the Governor to appoint, but also the qualifications of the appointee as prescribed by law, without which the appointment would be invalid and the commission nugatory.

Our conclusion is that neither a general denial of usurpation and unlawful holding, nor a general affirmation of gubernatorial authority to appoint and commission, is sufficient as against a ground of demurrer aptly pointing out the omission of the averment of any particular fact which is necessary to render the respondent's holding lawful, and as to which the burden of proof is upon him.

One of the qualifications prescribed by law for the incumbent of this office is that he "shall be licensed to practice law." Local Acts 1927, p. 202. As to this qualification, as well as others, the burden was upon the respondent to show that he possessed it; and equally—the omission of an affirmative averment in his answer being aptly pointed out and objected to by demurrer—to aver his possession of the qualification. As to this ground, at least, the demurrer was properly sustained.

The judgment entry shows that after the demurrer was sustained the case was called at a later date, when the respondent declined to plead further. On that showing the court properly proceeded to render final judgment against the respondent, ousting and excluding him from the office. Jackson v. State ex rel. Tillman, 143 Ala. 145, 148, 42 So. 61; State ex rel. Knox v. Dillard, 196 Ala. 539, 547, 72 So. 56.

No error appearing, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.