(133 So. 291)

**BAKER et al. v. STATE, ex rel. GREEN et al.**

I Div. 637.

Supreme Court of Alabama.

March 13, 1931.

J. H. Webb and Jesse F. Hogan, both of Mobile, for appellants.

468

Gordon, Edington & Leigh, of Mobile, for appellees.

BROWN, J.

The appellees had judgment excluding the appellants from the office of revenue and road commissioners for the first district of Mobile county, and adjudging that the relators, J. Leslie Green and Charles A. Baumhauer, were entitled to the office, and from that judgment this appeal is prosecuted.

■■ The first contention to be noticed is that the information or complaint was subject to the ninth ground of demurrer taking the point that it is not alleged that Baumhauer and Green were residents of the First district.

The proceeding here, as is authorized by the statute, has a dual purpose: First, to exclude the defendants, who are alleged, inferentially at least, to be unlawfully holding and exercising the functions of the office (the demurrer does not question its sufficiency in this respect); and, second, to establish the right of the relators, joined as plaintiff, to hold and exercise the functions of the office.

The first mentioned is the major purpose of the proceeding, and for this purpose the statute authorizes the proceedings to be brought in the name of the state, "on the information of any person giving security for the costs of the action." Code 1923, § 9933.

The demurrer going to "the petition" as a whole, was therefore overruled without error. State ex rel. Knox v. Dillard et al., 196 Ala. 546, 72 So. 56; Jackson v. State ex rel. Tillman, 143 Ala. 145, 42 So. 61; Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 So. 211.

■■ In respect to the other aspect of the proceeding, the statute provides: "When the action is brought against a person for usurping an office, the name of the person rightly entitled to the office, *with a statement of his right thereto*, may be added, and, when added, judgment may be rendered upon the right of the defendant, and also upon the right of the party so alleged to be entitled; or only upon the right of the defendant, as justice may require." Code 1923, § 9941.

And it has been ruled that good pleading requires the statement of facts, not mere legal conclusions, showing that the relator is entitled to the office. Ham v. State ex rel. Buck, 156 Ala. 645, 47 So. 126. The petition or complaint alleges that the relators were duly elected to the office at the general election held in said county on the 4th day of November, 1930, and that a certificate of their election has been duly is-

sued to them, that they have taken the oath of office and thereby qualified to enter upon the discharge of the duties thereof. The averments were sufficient, prima facie, to entitle them to enter into and exercise the duties of the office. Code 1923, § 2582.

The answer of the respondents admits that they are holding and exercising the functions of the office; that demand was made upon them by the relators to surrender said office on November 17, 1930; that they refused to do so; and asserts: First, "respondents were duly elected to said office at the general election in November 1926, and under the provisions of section 2569 of the Code they are entitled to hold until the 19th day of January, 1931, at which time they will cease to act, and surrender their seats to their legally qualified successors. Second, that under the terms of the Act approved February 28th, 1901, their term of office was fixed at four years, and without regard to the provisions of section 2569, supra, their term of office had not expired on the date demand was made on them by the relators."

■ The circuit court sustained a demurrer to the answer, and the respondents declined to plead further, and judgment was entered excluding them from office. The respondents had the burden of showing their right to continue in office. State ex rel. Little v. Foster, 130 Ala. 154, 30 So. 477.

■ It is conceded that the local act, providing for the election of revenue and road commissioners in Mobile county, approved February 28, 1901 (Acts 1901, p. 1842), is applicable, but appellants' contention is that this act is supplemented by the general law in respect to the tenure of office.

The local act, Acts 1901, p. 1842, divided the county into three "revenue and road districts," and repealed all laws in conflict therewith. Section 1 of the act provided for the election of three of such commissioners by the qualified electors residing in the first district, at the general election in August, 1902, and provided that such commissioners must be qualified electors of Mobile county, and reside in the First district, and to hold for a term of four years. Section 2 provided that at the state and county election in August, 1904, "there shall be elected for the term of two years by the qualified electors of Mobile county two revenue and road commissioners for the county of Mobile each of whom shall at the time of the election and while he holds such office be a qualified elector of said county. One of the commissioners shall at the time of such election and while he holds such office reside in the second revenue and road district and the other shall at the time of such election and while he holds such office reside in the third revenue and road district." Section 3

provides "that at the State and county elections in August, 1906, *and every four years thereafter* all said revenue, and road commissioners shall be elected for the respective districts as provided in the two preceding sections of this act by the qualified electors of the entire county and their term of office shall be four years." (Italics supplied.)

The "Act—to further regulate elections in Alabama," approved October 9, 1903, while it provided in section 27 thereof, that "County Commissioners or Board of Revenue of whatever number composed or courts or boards of like jurisdiction" and other officers named "shall be elected on the first Tuesday after the first Monday in November, 1904, and every fourth year thereafter" (Acts 1903, p. 450), it also provided that it should not apply where its provisions "are inconsistent or in conflict with the provisions of a law governing especially primary county or municipal elections." Acts 1903, p. 479, § 106.

Section 27 of the general law was in conflict with sections 1, 2, and 3 of the local law of 1901, as to the time for which the commissioners of roads and of revenue of Mobile county, three of which were elected in 1902 and held for a term of four years, or until 1906, and two elected in 1904 for a term of two years, all holding until 1906, were elected.

Under the holding of this court in State ex rel. Covington v. Thompson, 142 Ala. 98, 38 So. 679, the general election law of 1903, however, merely postponed the time in the change of the commissioners of roads and revenue, elected in 1902 and 1904, until their successors were elected at the general election in November, 1906, and until their successors qualified. See, also, Prowell v. State ex rel. Hasty, 142 Ala. 80, 39 So. 164.

■ Section 10 of the Code of 1907, and section 11 of the Code of 1923, saved the local act of 1901 from repeal by these Codes, and had the effect to continue the local law in full force and effect.

The judgment here is that the demurrers to the joint answer of the respondents were sustained without error, and, on their refusal to plead further, the judgment excluding them from the office was the result invited by this course of procedure.

■ The motion of the plaintiff to strike the special plea or answer of the respondent Baker was rested on the provisions of section 9943 of the Code, providing that "the validity of no election which may be contested under this Code can be tried under the provisions of this chapter," and goes to the substance, not the form, of the pleading. Therefore motion to strike was not the proper method of presenting the questions.

Brooks v. Continental Ins. Co., 125 Ala. 615, 29 So. 13; Hill v. Hyde et al., 219 Ala. 155, 121 So. 510.

The substance of the averments of the special plea or answer is that the relator Green was on the 28th day of January, 1925, convicted on his plea of guilty, in the District Court of the United States for the Southern Division of the Southern District of Alabama, of a violation of section 37 of the Criminal Code of the United States, an offense punishable by imprisonment in the federal penitentiary. USCA, title 18, § 88, Rev. St. U. S. § 5440.

Section 2575 of the Alabama Code 1923, declares that "those who shall have been convicted of [certain designated crimes] or any other crime punishable by imprisonment in the state or federal penitentiary" are ineligible to hold office in the state; and section 5038 provides that "any person, being disqualified by law, who, by election or appointment, enters upon any public office, must, on conviction, be fined not less than one hundred dollars."

Under the provisions of sections 545 and 559, Green's election to the office of commissioner of roads and revenue was contestable on the ground of his ineligibility, and the effect of section 9943 is to preclude an inquiry into the validity of the election in this case, with the result that, when he received from the election officer a certificate of his election and took the oath of office, this terminated Baker's right to further hold and exercise the functions of the office. But this does not entitle Green to a judgment in inducting him into office, nor could such judgment be rendered without violating the public policy of the state as expressed in sections 2575 and 5038 of the Code. State v. Albright, 155 Ala. 141, 46 So. 470.

The special plea or answer is not predicated on anything that occurred in the election, and in no way seeks to impeach its validity. It merely asserts, though Green has been elected, he, because of his conviction of the offense, should not be inducted into office.

The judgment of the circuit court, in so far as it excludes the respondents from the office of commissioners of roads and revenue of Mobile county, and inducts the relator Charles A. Baumhauer into office, is affirmed, but is reversed as to Green, and the cause is remanded for trial of the issue presented by the special plea of Baker. The cost of the appeal is taxed, two-thirds against appellants and one-third against appellees.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.