162 So. 303

STATE ex rel. GRAVITT v. KELLETT.

7 Div. 335.

Supreme Court of Alabama.

June 6, 1935.

Scott & Dawson, Haralson & Son, Baker & Baker, J. V. Curtis, and J. A. Johnson, all of Fort Payne, Hugh Reed, of Center, and Claud Scruggs, of Guntersville, for appellee.

Bailey & Stephens and McCord & McCord, all of Gadsden, and F. E. St. John, of Cullman, for appellant.

KNIGHT, Justice.

Proceedings in the nature of quo warranto, by the state of Alabama, on relation of Claris L. Gravitt, against J. C. Kellett, seeking to oust the latter from the office of judge of probate of DeKalb county, and also to have it "legally declared" that one G. L. Malone is entitled to the immediate possession of said office and to exercise the duties thereof, and to receive the emoluments of the same until the result of the election held on November 6, 1934, is fully determined, and the party duly elected has duly qualified.

It is charged in the second paragraph of the complaint or information that the respondent, Kellett, since the 2d day of February, 1935, "has usurped, intruded into and unlawfully holds or exercises the office of Probate Judge in said county of DeKalb and State of Alabama, and is now unlawfully holding said office and enjoying the emoluments thereof."

It further appears from the information that the said G. L. Malone was the judge of probate of said county on the 6th day of November, 1934, and that his term of office did not expire until January 14, 1935; that at the general election in said county on November 6, 1934, the respondent and one W. A. Mitchell were the opposing candidates for said office; but that the result of said election has never been fully determined between said parties; that a contest was filed by the said J. C. Kellett against said Mitchell for the office, but which contest remains undetermined, and is still pending in the circuit court.

It is averred "that by reason of the pendency of said contest and the indetermination thereof by the court, the said G. L. Malone, who was legally exercising the duties, and in possession, of the office of Probate Judge for the preceding term, and who was in possession of said office and so exercising said duties and receiving the emoluments thereof at the time of holding said election on November 6th, 1934, and at the time of instituting said contest on November 27th, 1934, is the rightful and legal Probate Judge of DeKalb County at this time and until the result of said election shall have been fully determined and the party duly elected shall have been duly qualified."

It may be, and is, conceded that the averment of the information as to the wrongful usurpation of said office by the said Kellett, contained in paragraph 2 of the petition, is sufficient to meet the requirements of good pleading, if the relator had limited the relief sought to ousting the alleged encumbent. Sharp v. State ex rel. Elliott, 217 Ala. 265, 115 So. 392; Jackson v. State ex rel., 143 Ala. 145, 42 So. 61; Frost v. State ex rel., 153 Ala. 654, 45 So. 203; State ex rel. Knox v. Dillard, 196 Ala. 539, 72 So. 56; Longshore v. State ex rel., 200 Ala. 267, 76 So. 33.

However, the relator was not content to test the title of the respondent to the office, but undertook also, as the statute permits, to have the court to judicially determine that another was entitled to the office. This being true, he thereby assumed the burden, not only of pointing out the defects in the respondent's title, but also to show that the one whom he undertakes to have inducted into the office was legally entitled to its possession. 22 R. C. L. § 41, p. 718; Baker et al. v. State ex rel. Green et al., 222 Ala. 467, 133 So. 291; Ham v. State ex rel. Buck, 156 Ala. 645, 47 So. 126.

The information filed in this cause is but a single pleading having a dual purpose, i. e., the exclusion of the respondent from office of judge of probate of De-Kalb county, and the induction therein of Judge Malone, pending a determination of a contest as to who was elected to said office at the election held on November 6, 1934.

It appears from the information that said contest had not been determined, and that the result of the election of a successor to Judge Malone still remains undetermined.

The respondent filed demurrers to the information or complaint, and separately to its aspects to oust the defendant from the office of judge of probate of DeKalb county, and to induct Judge Malone into said office, and "to each count thereof, separately and severally." The demurrer was properly addressed to the information as a whole, and to each of its separate aspects.

The court sustained the respondent's demurrer, without indicating the grounds upon which it based its ruling. Leave was then given relator to amend the information, but the judgment entry shows that the relator declined to amend, and thereupon, on motion of the respondent, the court dismissed the information, and taxed the relator with the cost.

In the case of Ham v. State ex rel. Buck, supra, it was held that it was sufficient to charge that the respondent usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any office in a corporation created by authority of this state. But when it is sought by the proceedings, not only to exclude the defendant from the office in controversy, but the installation of another, the proceeding is essentially and practically a civil suit, wherein the complaint must aver the facts upon which the relator relies to sustain

the title to such other person to the office, and, so far as practicable, specify the objections intended to be made to the title of the respondent.

■ Certain it is that the statute, section 9941, would seem to require that the facts entitling such person to the office must be clearly stated, so that the court may determine whether or not, on the showing made, the complaint meets the requirements of good pleading. If defective in this particular, or if the facts averred show that the relator, or such other person whom he seeks to have inducted into office, is not entitled to the same, the information or complaint, in this respect at least, is subject to timely demurrer.

It appears that the information was filed on March 30, 1935.

■ The information shows, and we judicially know, that Judge Malone's term of office ended on January 14, 1935, and therefore on March 30, 1935, he was without title, or the right of possession to the office of judge of probate. State of Alabama ex rel. J. Collier Foster v. Fleetwood Rice, post, p. 608, 162 So. 292; Code, § 2567; City Council of Montgomery v. Hughes, 65 Ala. 201, 206, 207.

It, therefore, appears that the information or complaint, in so far as it attempted to have Judge Malone adjudged to be entitled to hold the office during the pendency of the alleged contest, showed no right in Judge Malone to so hold said office, and was subject to respondent's well-directed demurrer, and the court committed no error in that ruling.

The information or complaint discloses that the result of the election of a successor to Judge Malone to the office of judge of probate in DeKalb county for the term commencing January 14, 1935, has not been determined. In fact, it does not show that any one was elected to said office.

■ We take judicial knowledge of the fact that Gov. Graves on the 2d day of February, 1935, appointed respondent to the office of probate judge in said county. 23 Corpus Juris § 1884, page 93. We further judicially know that this appointment was made on certificate of the clerk of the circuit court of DeKalb county certifying to a vacancy in said office.

■ While it would have been sufficient for the information to have simply averred the usurpation, or wrongful intrusion of respondent into said office, in order to test his right thereto, yet when the information proceeded further, and by its averments aided by judicial knowledge, disclosed a state of facts, which, prima facie, entitled the respondent to the office, the information was subject to demurrer. The information was but a single pleading, and all the facts averred must be read and treated as the statement of relator's cause of action.

■ Inasmuch as the relator does not simply seek to oust the respondent from the office of judge of probate of DeKalb county, but also the induction of Judge Malone into the same, and in view of the fact that the complaint shows that there was a vacancy in said office at the time the Governor appointed respondent to fill said vacancy, good pleading required that the relator should have specified the objections intended to be made to the title of the respondent. State ex rel. Goodgame v. Matthews, 153 Ala. 646, 45 So. 307; Ham v. State ex rel., supra. In this particular the complaint or information was defective, and subject to demurrer.

The relator having declined to plead further upon the sustaining of the demurrer to the complaint, the court committed no error in dismissing the information.

It follows that the judgment of the circuit court is due to be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and FOSTER and BROWN, JJ., concur.